**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 17-07949 |
| Nature's Choice Landscape Supply, Inc., | ) | Hon. Janet S. Baer |
| d/b/a A Natural Choice Shamrock | ) | (Kane County) |
| Landscaping & Installation | ) | |
| | ) | Hearing Date: March 2, 2018 |
| | ) | Time: 11:00 a.m. |
| Debtor. | ) | |

**NOTICE OF MOTION**

**TO:**   *See Attached Service List*

PLEASE TAKE NOTICE that on Friday, March 2, 2018, at 11:00 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Janet S. Baer, or any bankruptcy judge sitting in her stead in Courtroom 240 of the Kane County Courthouse, 100 South 3rd Street, Geneva, Illinois, and then and there present, the **Trustee's Motion to Sell Property Free and Clear of Liens 363(f) – Vehicles, Landscape Equipment and Debtor's Remaining Assets**, a true and correct copy of which is attached hereto and hereby served upon you.

By: /s/ Elizabeth C. Berg, as trustee

I, Elizabeth C. Berg, hereby certify that on February 8, 2018, I caused a true and correct copy of the foregoing Notice and the document identified therein (including all exhibits) and a proposed order to be served upon the persons identified on the attached service list, either electronically through CM/ECF or via first class mail, postage prepaid, as indicated on the service list.

B_____/s/ Elizabeth C. Berg, as trustee_____

Elizabeth C. Berg
Joseph A. Baldi
Baldi Berg, Ltd.
20 N. Clark St. #200
Chicago, IL 60602
312-726-8150

*Service List*

**Nature's Choice Landscape Supply, Inc., debtor**
**Case No. 17-07949**

**Served Electronically Via CM/ECF**

    Office of the U.S. Trustee
    USTPRegion11.ES.ECF@usdoj.gov

    Joseph F. Cohen
    *Debtor's Counsel*
    jcohen@cohenandkrol.com

    Gina B. Krol
    *Debtor's Counsel*
    gkrol@cohenandkrol.com

    Ford Motor Credit Company, LLC
    c/o Christopher H. Purcell
    shermlaw13@aol.com

    Ground Effects Outdoor Living LLC
    c/o Colleen G. Thomas
    colleenthomaslaw@aol.com

    Swift Financial Corp d/b/a Swift Capital
    c/o Charles S. Stahl, Jr.
    cstahl@smbtrials.com

**Via First Class Mail**

| | |
|---|---|
| Nature's Choice Landscape Supply, Inc.<br>*Debtor*<br>Attn: Julie Baier<br>825 E. North Street<br>Elburn, IL 60119 | Americredit Financial Services<br>d/b/a GM Financial<br>P.O. Box 183853<br>Arlington, TX 76096 |
| Steven Scott Baier<br>*Proposed Buyer*<br>38W155 Henricksen Road<br>St Charles, IL 60175 | Amalgamated Bank of Chicago<br>Attn: William Dunn, Counsel<br>30 N. LaSalle Street<br>Chicago, IL 60602 |
| Illinois Department of Employment Security<br>Attention: Amos Ellis, Bankruptcy Unit – 10th Floor<br>33 South State Street<br>Chicago IL 60603 | |

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 17-07949 |
| Nature's Choice Landscape Supply, Inc., | ) | Hon. Janet S. Baer |
| d/b/a A Natural Choice Shamrock | ) | (Kane County) |
| Landscaping & Installation | ) | |
| | ) | Hearing Date: March 2, 2018 |
| | ) | Time: 11:00 a.m. |
| Debtor. | ) | |

**Trustee's Motion to Sell Property Free and Clear of Liens 363(f) –
Vehicles, Landscape Equipment and Debtor's Remaining Assets**

Elizabeth C. Berg, not personally but solely as trustee ("Trustee") of the Estate ("Estate") of Nature's Choice Landscape Supply, Inc., d/b/a A Natural Choice Shamrock Landscaping Installation, debtor ("Debtor"), by her attorneys and pursuant to 11 U.S.C. §363(f) and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, requests this Court for the entry of an order authorizing Trustee to sell all of the Estate's interest in the vehicles, landscaping equipment and other assets described herein on the terms set forth below. In support thereof, Trustee respectfully states as follows:

**Background**

1. Debtor commenced this case on March 14, 2017 by filing a voluntary petition for relief under chapter 11 of title 11, United States Code ("Code"). On November 21, 2017, this Court entered an order converting the case to one under chapter 7 of the Code.

2. Elizabeth C. Berg is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1

4.     Prior to ceasing operations, Debtor operated a landscaping design and maintenance company. During the winter months, Debtor also engaged in seasonal snow plowing. Debtor ceased all operations in October 2017 shortly prior to conversion of this case to one under chapter 7 of the Code.

### Description of the Sale Property

5.     The assets owned and formerly used by Debtor in its business operations are comprised primarily of bank account(s), accounts receivable, machinery and equipment, inventory, and motor vehicles.

6.     Pursuant to order of this Court entered January 5, 2018 [Dkt #79], Trustee previously abandoned four vehicles belonging to Debtor, including a 2013 Ford Escape, a 2015 Ford dump truck, a 2016 Ford Focus and a 2016 Cadillac Escalade. As set forth in her motion for authority to abandon, said vehicles were subject to liens in excess of their value and were of no benefit or value to the Estate.

7.     As a result of the abandonment, the debtor's remaining assets (the "Sale Assets") are comprised of the following vehicles, trailers and other equipment used in both its landscaping and plowing operations:

1) 2004 Ford F250 Super Duty XLT (138k miles)
2) 2008 Ford F350 Super Duty Lariat (193k miles)
3) 2 Snowplows (affixed to the Ford trucks)
4) 2014 Trailer
5) 2004 Cronkite Trailer
6) 2013 United Trailer
7) 2010 Dump Trailer
8) 2014 Bobcat
9) 1 unaffixed snow plow

2

10) 3 mowers

11) 1 brick saw

12) miscellaneous landscaping equipment

13) miscellaneous used office furniture and equipment

8. The scheduled value of the Sale Assets listed by the Debtor on it chapter 11 petition is approximately $50,000.00. Trustee has inspected and researched the Sale Assets and consulted with a professional auctioneer as to their value. Trustee is informed and believes that the Sale Assets would currently yield between $30,000.00 and $35,000.00 at public auction.

### Description of Secured Claims

9. In or around 2015, Debtor entered into a lending arrangement with Swift Financial Corporation d/b/a Swift Capital ("Swift") and executed a future receivable sale agreement ("FRSA") pursuant to which Swift loaned Debtor $100,000.00 secured by Debtor's future accounts receivable. Under the arrangement, Swift was granted a blanket lien in substantially all of Debtor's assets as additional security above and beyond the Debtor's accounts receivable. As a result and pursuant to both its loan documents and the cash collateral orders entered by the Court during the chapter 11, Swift holds a valid and perfected security interest in substantially all of Debtor's assets, including its accounts receivable, bank accounts, machinery and equipment, inventory and office furniture and equipment.

10. Trustee is informed and believes that the only assets of Debtor which are not subject to the Swift security interest are Debtor's certificated motor vehicles, including the two trucks and four trailers more particularly described in paragraph 7 above. Trustee has

3

negotiated with Swift and reached an agreement under which Swift will release all of its liens in the Sale Assets in exchange for a payment of $9,000.00 from the proceeds of sale.

11. Based on her investigation and the testimony provided at the 341 meeting, Trustee is informed and believes that the 2014 Bobcat described in paragraph 7 is subject to a valid and perfected purchase money security interest in favor of Amalgamated Bank of Chicago ("Amalgamated"). Trustee was advised that the balance on the Amalgamated claim secured by the Bobcat was approximately $1,300.00 as of the date of conversion of the case to chapter 7.

12. Subsequent to Trustee's negotiation of the sale proposed herein, the Illinois Department of Employment Security ("IDES") filed a secured claim in this case in the amount of $9,156.56 relating to unpaid unemployment contributions owing by the Debtor for the second quarter of 2014. Trustee has examined both the proof of claim and the Notice of Lien for Contributions under the Illinois Unemployment Insurance Act ("Tax Lien") filed by IDES and believes that IDES holds a valid perfectly security interest in the Sale Assets, junior to the liens of Swift and Amalgamated.

13. Trustee is unaware of any other valid liens against the Sale Assets.

**Proposed Sale of Assets to Debtor**

14. Trustee has received an offer ("Offer") from Steven Scott Baier, the son of Debtor's principals, to purchase the Sale Assets for a purchase price of $24,400.00. The terms of the Offer are set forth below:

    a) The sales price of $24,400.00 is due within 10 days from the entry of the order approving this motion;

    b) Trustee's transfer of the Sale Assets to Purchaser will be free and clear of all liens, claims and interests in accordance with the provisions of section

4

363(f) of the Bankruptcy Code, except that Purchaser will purchase the Bobcat subject to the lien of Amalgamated Bank described in paragraph 11 above;

c)  The liens in the Sale Assets in favor of Swift will be released by Swift in exchange for a payment of $9,000.00 from the proceeds of sale, to be made by Trustee upon her receipt of the Purchase Price;

d)  The liens in the Sale Assets in favor of IDES will be released and attach to the proceeds of sale, and IDES's secured claim will be paid by the Trustee as part of her final distribution in the case; and

e)  The Offer is subject to and expressly conditioned upon Bankruptcy Court approval.

15.  Trustee believes that the Offer is fair and reasonable and represents the highest and best price for the Sale Assets given their condition. As noted above, Trustee has obtained estimated valuations of the Sale Assets from a professional auctioneer. If the Trustee were to sell the Sale Assets to a third party, she would be required to pay an Auctioneer's commission and other auction-related expenses, including transportation costs to deliver the Sale Assets to the auctioneer's business premises. Trustee would also incur higher administrative expenses which the Estate would have to pay if Trustee pursued a a public auction sale of the Sale Assets. Trustee believes that the Offer will net the Estate an amount equal to or higher than that which it would receive if the Sale Assets were sold to unrelated party(s). In addition, there is no assurance that the Sale Assets would sell for a higher price than that which is being offered or that the Assets would be sold in a reasonable amount of time.

16.  Trustee does not anticipate that the proceeds generated by the proposed sale will be sufficient to enable her to make a distribution to unsecured creditors in this case. However, Trustee still believes that the proposed sale is in the best interests of the Estate.

As a result of the sale, Trustee will be able to make an orderly disposition of the Sale Assets, pay the capital gains taxes generated by the sale, make a modest distribution to Debtor's primary secured lender and also make a distribution to the State of Illinois on account of the IDES Tax Lien. If Trustee did not administer the Sale Assets and were to file a no distribution report in this case, it is likely that more litigation would ensue and that the secured creditor and the tax lien creditor would ultimately recover nothing.

17. For the foregoing reasons, Trustee requests that she be authorized pursuant to §363(f) of the Code to sell the Estate's right, title and interest in the Sale Assets to the Purchaser for the sum of $24,400.00, with all liens, claims and interests to attach to the proceeds of sale, with the exception of the lien in the Bobcat in favor of Amalgamated Bank, which lien shall remain against the Bobcat.

### Notice to Creditors

18. Trustee has provided 21 days' notice of this Motion to the Debtor, the United States Trustee, Debtor's creditors and other parties in interest in the form attached hereto as Exhibit A in accordance with Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Elizabeth C. Berg, as trustee of the estate of Nature's Choice Landscape Supply, Inc., d/b/a A Natural Choice Shamrock Landscaping Installation debtor, requests this Court to enter an order:

A. Authorizing Trustee to sell the Estate's right, title, and interest in the Sale Assets to Steven Scott Baier for $24,400.00 pursuant to the terms of the Offer;

B. Authorizing Trustee to sell the Estate's right, title, and interest in the Sale Assets described herein, free and clear of all liens, claims and encumbrances, in accordance with the provisions of section 363(f) of the Code, with the exception of the lien

in favor of Amalgamated Bank of Chicago in the 2014 Bobcat which shall be transferred to Purchaser subject to Amalgamated's lien;

C.    Authorizing Trustee to pay to Swift Financial Corporation d/b/a Swift Capital the sum of $9,000.00, in full satisfaction of its lien or security interest in the sale proceeds;

D.    Authorizing Trustee to make the payment to Swift Financial Corporation described in paragraph C above from the proceeds of sale, immediately upon her receipt thereof and without further order of court;

E.    Authorizing Trustee to take such steps, do such acts and execute such documents as are necessary in order to close the sale and transfer the Sale Assets to Purchaser; and,

F.    For such other or further relief as this Court deems appropriate.

Dated: February 8, 2018                Respectfully submitted,

                                       Elizabeth C. Berg, as trustee of the Estate
                                       of Nature's Choice Landscape Supply, Inc.,
                                       debtor

                                       By:  /s/ Elizabeth C. Berg, Trustee

Elizabeth C. Berg
Joseph A. Baldi
Baldi Berg, Ltd.
20 N. Clark St., Suite 200
Chicago, IL  60602
(312) 726-8150

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 17-07949 |
| Nature's Choice Landscape Supply, Inc., | ) | Hon. Janet S. Baer |
| d/b/a A Natural Choice Shamrock Landscaping & Installation | ) | (Kane County) |
| | ) | Hearing Date: March 2, 2018 |
| Debtor. | ) | Time:   11:00 a.m. |

**Notice of Trustee's Motion to Sell Property Free and Clear of Liens 363(f) –
Vehicles, Landscape Equipment and Debtor's Remaining Assets**

To:     Debtor, All Creditors and Other Parties in Interest

PLEASE TAKE NOTICE that on February 8, 2018, Elizabeth C. Berg, as trustee, ("Trustee") of the estate of Nature's Choice Landscape Supply, Inc., debtor ("Debtor"), filed **Trustee's Motion to Sell Property Free and Clear of Liens 363(f) – Vehicles, Landscape Equipment and Debtor's Remaining Assets** ("Motion").  A copy of the Motion is on file and available for inspection and copying at the office of the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604.  A copy of the Motion may also be obtained from the Trustee at the address set forth below and on the internet at the Court's web site at www.ilnb.uscourts.gov/.

The Trustee seeks authorization to sell the Estate's interest in all of the remaining assets of the Debtor.  Pursuant to court order, Trustee previously abandoned four motor vehicles which were subject to liens and held no net equity for the Estate.  The abandoned vehicles are a 2013 Ford Escape, a 2015 Ford dump truck, a 2016 Ford Focus and a 2016 Cadillac Escalade.  Trustee has received an offer of $24,400.00 ("Offer") from Steven Scott Baier, son of the Debtor's principals ("Purchaser"), to purchase all of the remaining assets of the Debtor (the "Sale Assets").  The Sale Assets include but are not limited to the following:   a 2004 Ford F250 Super Duty XLT, a 2008 Ford F350 Super Duty Lariat, a 2014 Trailer, a 2004 Cronkite Trailer, a 2013 United Trailer, a 2010 Dump Trailer, a 2014 Bobcat, three snowplows, three mowers, a brick saw and all of the debtor's office furniture and equipment.  Trustee believes that the Offer is fair and reasonable and represents the highest and best price for the Sale Assets given their condition.  The scheduled value of the Sale Assets listed by the Debtor in its chapter 11 petition was approximately $50,000.00.  Trustee has inspected and researched the Assets and consulted with a professional auctioneer as to the value of the Assets. Based on her research, Trustee believes the Sale Assets would currently bring between $30,000 and $35,000.00 at public auction.  Trustee asserts that proposed sale will permit the Estate to recover almost $25,000.00 without incurring the costs and expense of a public auction and will ultimately result in net sale proceeds for the Estate equal to those that an arms' length private sale or a public auction sale would otherwise produce.  The proposed sale will be free and clear of any and all liens, claims, and encumbrances pursuant to the provisions of section 363(b) of the Bankruptcy Code except as described below.

Pursuant to a lending arrangement between Debtor and Swift Financial Corporation, d/b/a Swift Capital ("Swift"), Swift lent Debtor $100,000.00 secured by Debtor's future accounts receivable. As additional security for this loan, Swift was granted a valid and perfected security interest in substantially all of Debtor's assets, including its accounts receivable, bank accounts, machinery and equipment, inventory, office furniture and equipment. Trustee is informed and believes that the only assets of the Debtor which are not subject to the Swift security interest are Debtor's certificated motor vehicles, including the two trucks and four trailers which are included in the Sale Assets to be sold pursuant to this motion.  Trustee has negotiated with Swift and reached an agreement under which Swift will receive $9,000.00 from the proceeds of the Sale Assets and in exchange will release any and all liens it has in any of the Sale Assets, including, but not limited to, the 2014 Bobcat.

Trustee is further informed and believes that the 2014 Bobcat is subject to a valid and perfected purchase money security interest in favor of Amalgamated Bank which has priority over the lien of Swift. As of the date of conversion of the case to chapter 7, the balance on the Amalgamated secured claim against the Bobcat was approximately $1,300.00.  The Purchaser has agreed to purchase the Bobcat subject to the lien of Amalgamated and Amalgamated's lien will not attach to the proceeds of sale.

In addition to the above, the Illinois Department of Employment Security ("IDES") has filed a secured claim in the case in the amount of $9,156.56 as a result of a duly filed Notice of Lien for Contributions under the Illinois Unemployment Insurance Act ("Tax Lien").  Pursuant to applicable bankruptcy law, Trustee asserts that the IDES Tax

**Exhibit A**

Lien is junior to Swift's lien and subordinate to the chapter 7 administrative expenses.  Upon consummation of the proposed sale and pursuant to section 363(f) of the Code, the Tax Lien will attach to the proceeds of sale.  As a result, Trustee anticipates that the proceeds of the Sale Assets will be distributed first in payment of Swift's $9,000.00 claim and secondly in payment of all chapter 7 administrative expenses, including taxes and the Trustee's fees, when Trustee makes her final distribution.  Given the amounts involved, Trustee anticipates that proceeds remaining after payment of Swift's claim and chapter 7 administrative expense, will all be paid to IDES on account of its secured claim as part of Trustee's final distribution and that there will not be any funds available in this case for distribution to either unsecured creditors or chapter 11 administrative creditors.

Objections, if any, to the proposed sale of the Sale Assets to the Purchaser must be filed on or before February 23, 2018 with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, with a copy served upon Trustee's attorneys at the address set forth below.

A hearing will be held upon the Trustee's Motion and any objections thereto on **March 2, 2018 at 11:00 a.m.** before the Honorable Janet S. Baer, Courtroom 240 of the Kane County Courthouse, 100 South 3rd Street, Geneva, Illinois, at which time you may, but need not, appear and be heard.  If no objections are filed or if no party requests a formal hearing on the Motion, the Motion may be granted without further hearing thereon.

Dated: February 8, 2018                                                            Elizabeth C. Berg, Trustee of the Estate of
                                                                                                       Nature's Choice Landscape Supply, Inc.
                                                                                                       d/b/a A Natural Choice Shamrock
                                                                                                       Landscaping, debtor

Elizabeth C. Berg
Joseph A. Baldi
Baldi Berg, Ltd.
20 N. Clark St., Suite 200
Chicago, IL  60602
(312) 726-8150

**Exhibit A**